UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>)<br>TAFARI HIGGINS )<br>_____ ) | DOCKET NO.: 3:22-cr-0037<br><br>**RESTITUTION ORDER** |

**THIS MATTER** is before the Court on the United States' Motion for Restitution Order. (Doc. No. 50).

On September 15, 2022, the defendant pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343 and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 19: Plea Agreement; Doc. No. 21: Acceptance and Entry of Guilty Plea). On July 20, 2023, the Court sentenced the defendant to 51 months' imprisonment and held the issue of restitution open for 90 days. (Doc. No. 47: Judgment). On October 17, 2023, the government filed the instant motion for restitution, to which the defendant does not object.

The Court finds that the amounts set forth in the government's motion are supported by a preponderance of the evidence and constitute a "final determination" for purposes of ordering restitution pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A.

**IT IS THEREFORE ORDERED** that, based on the reasons set forth in the motion, 18 U.S.C. § 3664(d)(5), and the Mandatory Victim Restitution Act, the

1

Judgment in this case, (Doc. No. 47), shall be amended to include a final restitution figure of $20,046.33 payable in the following amounts:

(1) $5,911.51 to Hendrick BMW

(2) $5,362.45 to Synchrony Financial

(3) $2,358.11 to Verizon Wireless

(4) $394.34 to Sprint Corporation

(5) $6,019.92 to AT&T Corporation

**IT IS FURTHER ORDERED** that any payment that is not payment in full shall be divided proportionately among the victims named. The victims' recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victims receive full restitution. The Court has considered the financial and other information contained in the Presentence Report and finds that the following is feasible: if the defendant is unable to pay any monetary penalty immediately, during the period of imprisonment payments shall be made through the Federal Bureau of Prison's Inmate Financial Responsibility Program. Upon release from imprisonment any remaining balance shall be paid in monthly installments of no less than $50 to commence within 60 days, until paid in full. Throughout the period of supervision the probation officer shall monitor the defendant's economic circumstances and shall report to the court, with recommendations as warranted, any material changes that affect the defendant's ability to pay any court ordered penalties.

All other terms and conditions of the original Judgment remain unchanged.

The Clerk is directed to certify copies of this Order to the defendant, the United States Attorney, the United States Marshal Service, the United States Probation Office, and the Financial Administration Unit of the Clerk's Office.

**SO ORDERED.**

Signed: October 26, 2023

_____
Robert J. Conrad, Jr.
United States District Judge